**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 0 5 2024

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TECHNOLOGY INSURANCE COMPANY, INC.                                    PLAINTIFF

v.                                CASE NO. ___4:24-cv-481-KGB___

AMAZON.COM, INC.;
VIOWIND USA;
ZHEJIANG MINGFENG                    This case assigned to District Judge __Baker__
INDUSTRY & TRADE CO., LTD.;          and to Magistrate Judge __Kearney__
WOLFWISE, INC.;
NEW EASTWEST CO. LTD.;
EASTWEST ELECTRONIC COMMERCE CO.
US LTD.; JOHN DOE 1; and
JOHN DOE 2                                                             DEFENDANTS

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Amazon.com, Inc.

("Amazon") gives notice of the removal of this action from the Circuit Court of White

County, Arkansas, to the United States District Court for the Eastern District of

Arkansas, Central Division. In support of this notice of removal, Amazon states the

following:

1. This lawsuit is a civil action within the meaning of the Acts of

Congress relating to the removal of cases.

2. This case was originally filed on January 24, 2024, in the Circuit Court

of White County, Arkansas, as civil action number 73CV-24-48 on the docket of that

court. Plaintiff Technology Insurance Company, Inc. ("Technology Insurance")

asserts the personal injury claims of Christopher French under negligence, strict

liability, and implied warranty theories.  Technology Insurance demands compensatory damages, punitive damages, costs, and interest.

3.    Technology Insurance served a complaint and summons on Amazon on May 7, 2024.  This notice of removal is filed within thirty (30) days (or the first filing day thereafter) of the first delivery of a summons and complaint to Amazon on that date.  A copy of the summons and complaint served on Amazon is attached to this notice as Exhibit 1, which constitutes all process, pleadings, and orders served on Amazon in this action.

4.    This case is removed pursuant to 28 U.S.C. § 1441(a) and (b). Jurisdiction in the United States District Court for the Eastern District of Arkansas is based on the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a).

5.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the matter in controversy exceeds $75,000, excluding interest and costs.

6.    Amazon states that Technology Information is a citizen of the State of New Hampshire for the purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because it is incorporated and has its principal place of business in New Hampshire.  *See* Compl at 1, ¶ 1.  Technology Insurance was a citizen of New Hampshire when it filed its complaint, and it was a citizen of New Hampshire at the time of removal.

7.    Amazon is a Delaware corporation with its principal place of business in the State of Washington.  Amazon is thus a citizen of both Delaware and Washington.  *See* 28 U.S.C. § 1332(c)(1) ( "a corporation shall be deemed a citizen of

every State and foreign state where it has been incorporated and of the State or foreign state where it has its principal place of business").  Amazon was a citizen of those states at the time the complaint was filed and at the time of this removal.

8. On information and belief, separate defendant Viowind USA is a citizen of a foreign state.

9. On information and belief, separate defendant Zhejiang Mingfeng Industry & Trade Co., Ltd. ("Zhejiang") is a citizen of a foreign state.

10. On information and belief, separate defendant Wolfwise, Inc. ("Wolfwise") is a Delaware corporation headquartered in Vermont, making it a citizen of those states.

11. On information and belief, separate defendant New Eastwest Co. Ltd. ("New Eastwest") is a Delaware corporation headquartered in a foreign state, making it a citizen of Delaware.

12. On information and belief, separate defendant Eastwest Electronic Commerce Co US Ltd. ("Eastwest") is a Delaware corporation headquartered in Delaware, making it a citizen of that state.

13. The citizenship of the "John Doe" defendants named in the complaint is disregarded in the analysis of whether this action is removable under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(b)(1).

14. Complete diversity of citizenship thus exists between Technology Insurance, a citizen of New Hampshire, and all the defendants, none of which is a citizen of New Hampshire.

3131525-v1

15.    The amount in controversy exceeds $75,000, excluding interest and costs, because Technology Insurance's complaint demands compensatory damages and punitive damages exceeding that amount. *See* Compl. at 2, ¶ 9; 7, ¶ 43; 8, ¶ 51; 9, ¶¶ 56, 59; 10 (WHEREFORE paragraph). That demand establishes an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1446(c)(2) (for removals under diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").

16.    Because there is complete diversity of citizenship and an amount in controversy exceeding $75,000, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Removal of the case to this Court is therefore proper under 28 U.S.C. § 1441(b).

17.    To Amazon's knowledge, none of the other defendants have been served in this action, so their consent to this removal is not required at present.

18.    As required by 28 U.S.C. § 1446(b), this notice of removal has been filed within thirty days of Amazon being served in this matter.

19.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on Amazon are attached to this notice of removal.

20.    In accordance with 28 U.S.C. § 1446(d), Amazon will file a file-marked copy of this notice of removal with the Circuit Clerk of White County, Arkansas, and will serve notice of the removal in writing on counsel for Technology Insurance.

4

21.    The United States District Court for the Eastern District of Arkansas, Central Division, embraces the county in which the state court action is now pending.  This action may be removed to this Court under 28 U.S.C. § 1441.

22.    Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

23.    Amazon expressly reserves all of its defenses.  By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law.  Amazon expressly reserves the right to move for dismissal of the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Nothing in this notice of removal should be taken as an admission that Technology Insurance's allegations are sufficient to state a claim or have any substantive merit.

WHEREFORE, defendant Amazon Communications, LLC removes this action from the Circuit Court of White County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Central Division, and seeks resolution by this Court of all issues raised in this action.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
Fax: (501) 376-9442
gmarts@wlj.com

By: _____
Gary D. Marts, Jr. (2004116)

*Attorneys for Defendant Amazon.com, Inc.*

5

## CERTIFICATE OF SERVICE

I certify that on June __5__, 2024, I served a copy of this notice of removal by

United States Mail on the following:

Jason A. Lee
GILL RAGON OWEN, P.A.
425 W. Capital Ave., Suite 3800
Little Rock, AR 72201

Cary D. Dooley
Cathcart & Dooley
2807 North Classen Blvd.
Oklahoma City, OK 73106

*Attorneys for Plaintiff*

Gary D. Marts, Jr.

6

3131525-v1

## IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
## CIVIL DIVISION

**TECHNOLOGY INSURANCE COMPANY, INC.**                                    **PLAINTIFF**

**v.**                                   CASE NO. ꓵ3CV-ꓛꓤ-ꓤ8

**AMAZON.COM, INC.,**
**VIOWIND USA,**
**ZHEJIANG MINGFENG INDUSTRY & TRADE**
**CO., LTD.,**
**WOLFWISE, INC.,**
**NEW EASTWEST CO LTD.,**
**EASTWEST ELECTRONIC COMMERCE CO**
**UK LTD.,**
**JOHN DOE 1, AND**
**JOHN DOE 2**                                                             **DEFENDANTS**

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

   **AMAZON.COM, INC.**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) – or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas – you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Cary D. Dooley, AR Bar #2019168, Cathcart & Dooley, 2807 N. Classen Blvd., Oklahoma City, OK 73106.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office:
300 N. Spruce St.
Searcy, AR 72143

*Sara Carlton by: Michelle Box*
[Signature of Clerk or Deputy Court Clerk]

Date: _____1-24-24_____

[SEAL]



## IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
## CIVIL DIVISION

**TECHNOLOGY INSURANCE COMPANY, INC.**                                        **PLAINTIFF**

v.                                      CASE NO. 73cv-24-48

AMAZON.COM, INC.,
VIOWIND USA,
ZHEJIANG MINGFENG INDUSTRY & TRADE
CO., LTD.,
WOLFWISE, INC.,
NEW EASTWEST CO LTD.,
EASTWEST ELECTRONIC COMMERCE CO
UK LTD.,
JOHN DOE 1, AND
JOHN DOE 2                                                                   **DEFENDANTS**



### COMPLAINT

Now Comes the Plaintiff, Technology Insurance Company, Inc. ("TIC"), by and through

its attorneys, Gill Ragon Owen, P.A.; and Cathcart and Dooley, and for its Complaint against the

Defendants, AMAZON.COM INC.; VIOWIND USA; ZHEJIANG MINGFENG INDUSTRY &

TRADE CO., LTD.; WOLFWISE, INC.; NEW EASTWEST CO LTD.; EASTWEST

ELECTRONIC COMMERCE CO US LTD.; JOHN DOE 1; and JOHN DOE 2, alleges and states

as follows:

### JURISDICTION AND VENUE

1.      At all times relevant Plaintiff is a foreign corporation incorporated in the State of

New Hampshire.

2.      Defendant Amazon.com, Inc. ("Amazon"), is a Delaware corporation, that at all

relevant times conducted regular and continuous business within the State of Arkansas.

3.      Defendant Viowind USA ("Viowind"), is at all relevant times a foreign corporation,

not registered to conduct business in the State of Arkansas.

4.    Defendant Zhejiang Mingfeng Industry & Trade Co., Ltd. ("ZMIT"), is at all relevant times a foreign corporation, not registered to conduct business in the State of Arkansas.

5.    Defendant Wolfwise, Inc. ("Wolfwise"), is a Delaware corporation, that at all relevant times conducted regular and continuous business within the State of Arkansas, but that is not registered to conduct business in the State of Arkansas.

6.    Defendant New Eastwest Co. Ltd. ("NEWC") is a Delaware corporation, that at all relevant times conducted regular and continuous business within the State of Arkansas, but that is not registered to conduct business in the State of Arkansas.

7.    Defendant Eastwest Electronic Commerce Co US Ltd ("EECC") is a Delaware corporation, that at all relevant times conducted regular and continuous business within the State of Arkansas, but that is not registered to conduct business in the State of Arkansas.

8.    Defendants John Doe 1, and John Doe 2, are persons or entities whose identities are unknown at this time. To the extent that one or more of these persons or entities is responsible, legally or factually, for the acts and/or omissions named herein, for the harm caused thereby, they are considered tortfeasors, and necessary and indispensable parties for purposes of the present action. Plaintiff anticipates the identity of said unknown tortfeasors will be determined in discovery. Plaintiff has attached an Affidavit hereto as **Exhibit A**, pursuant to Arkansas Code Annotated 16-56-125.

9.    Plaintiff alleges injuries and damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00).

10.    Jurisdiction is proper in this Court because at least one of the named Defendants was, at all relevant times, regularly conducting business activities in White County, Arkansas and/or the State of Arkansas.

2

11.    Venue is proper in this Court because the incident giving rise to this action occurred in the City of Searcy, Arkansas which is located in White County, Arkansas.

## GENERAL ALLEGATIONS

Plaintiff incorporates by reference all allegations and statement contained in all preceding paragraphs and further alleges and states as follows:

6.    Plaintiff brings this action pursuant to the Arkansas Products Liability Act (AR Code §16-116-201 (2017)).

7.    Plaintiff alleges that a 15.5 foot aluminum telescoping ladder (hereafter referred to as the "Amazon ladder") failed during normal, reasonable, and foreseeable use, thereby causing Plaintiff's injuries and damages.

8.    Defendants, some or all of them, are joint tortfeasors and are jointly and severally liable to Plaintiff for his injuries and damages.

9.    The Amazon ladder was purchased from Defendant Amazon in Arkansas, and that purchase order was fulfilled in Arkansas.

10.    The Amazon ladder was purchased by Anthony I. French using a debit card with a card number that ended in 9297.

11.    The Amazon ladder was purchased on January 16, 2021 and was assigned Amazon Order #114-1165282-2423468.

12.    The Amazon ladder carried model number LP230011EPE.

13.    The Amazon ladder was manufactured in November of 2020.

14.    The Amazon ladder was shipped on January 18, 2021.

15.    Amazon identified the seller of the Amazon ladder as Viowind.

3

16.     The Amazon ladder was designed, manufactured, produced, marketed, assembled and/or distributed by Defendants either individually and/or collectively in one or more relevant respects.

17.     On January 25, 2021, Christopher French arrived at a residential property located at 406 E. Vine Ave., Searcy, Arkansas (the "subject property").

18.     Christopher French was part of a 2-person crew that was set to perform work on a structure at the subject property.

19.     The Amazon ladder was extended and placed so that the top of the ladder leaned against the exterior wall of the said structure while the base of the Amazon ladder was placed on the ground a few feet away from the base of the exterior wall of the house.

20.     Christopher French and his crew partner also leaned two other ladders against the house in the same or similar manner.

21.     Christopher French and his crew partner attached ladder jacks to ladders and placed a "walkboard" across the ladder jacks.

22.     Christopher French and his crew partner then climbed the ladders and got on top of the said "walkboard" to begin attaching fascia to the said structure.

23.     Suddenly, and without warning, the Amazon ladder failed causing the Christopher French and his crew partner to fall to the ground (the "subject incident").

24.     Christopher French sustained serious and severe bodily injuries and damages as a result of the subject incident.

25.     Based on an examination of the Amazon ladder, the failure of the Amazon ladder involved one of the legs of the Amazon ladder breaking in half.

26.     At the time of manufacture, distribution, marketing, and sale of the Amazon ladder,

4

the Amazon ladder was unreasonably dangerous and defectively manufactured in that the material used and/or design of the ladder would cause it to fail under normal, reasonable, and foreseeable use.

27.     Because of its negligent design and/or manufacturing, the Amazon ladder failed to support Christopher French and his crew partner under normal, reasonable, and foreseeable use and thereby caused Christopher French to sustain serious and permanent injuries.

28.     Christopher French was acting within the course and scope of his employment when the subject incident occurred.

29.     As a result of the subject incident, Christopher French filed a Workers' Compensation claim.

30.     All medical care and treatment for Christopher French's injuries that he sustained as a result of the subject incident has occurred via the said Workers' Compensation claim.

31.     All of the expenses for the medical care and treatment for Christopher French's injuries that he sustained as a result of the subject incident have been paid by the said Workers' Compensation insurance carrier.

32.     At no time was the Amazon ladder altered or modified by Christopher French, his employer, or any third party after it was received from Amazon.

33.     The Amazon ladder had never been used prior its use in the subject incident.

34.     Christopher French did not cause or contribute to any of his injuries and damages. Christopher French was also not in any way contributorily negligent relative to his injuries and damages.

## COUNT I
### Negligence

Plaintiff incorporates by reference all allegations and statements contained in all

5

preceding paragraphs and further alleges and states as follows:

35.    All defendants owed a duty of reasonable care to all potential users of the Amazon ladder, as related to its design, manufacture, production, assembly, testing, inspection, and distribution of those units, so not to cause injuries to its users.

36.    Defendants, one or some or all of them, designed and/or manufactured and/or distributed and/or marketed and/or sold the Amazon ladder in the ordinary course of business.

37.    Defendants, one or some or all of them, failed to exercise ordinary care to design and/or manufacture and/or market and/or sell the Amazon ladder and failed to ensure that the Amazon ladder was reasonably safe and hazard-free.

38.    At the time the Amazon ladder was placed into the stream of commerce, Defendants owed a duty to the public to ensure that the Amazon ladder was free from any conditions that cause it to fail under normal, reasonable, and foreseeable use.

39.    Defendants breached these duties with respect to the Amazon ladder in one or more of the following manners:

a.    The Amazon ladder was not designed and or manufactured so that Christopher French could use the Amazon ladder in a normal, reasonable, and foreseeable manner;

b.    The Amazon ladder's telescoping mechanism(s) were not designed and or manufactured with features that would withstand normal, reasonable, and foreseeable use of the ladder;

c.    The Amazon ladder was not placed through proper and adequate quality control measures.

40.    Defendants owed Christopher French a duty to use ordinary care to provide a

6

reasonable and adequate warning to Christopher French of the risk of harm from the Amazon ladder's defects and/or hazardous conditions both before and after the time of sale.

41. Defendants breached their duty to warn and were thereby negligent.

42. As a direct and proximate result of one or more of Defendants' breaches, the Amazon ladder failed, causing severe and permanent injuries and damages to Christopher French.

43. As a direct and proximate result of one or more of Defendants' breaches, Christopher French has been harmed and has incurred damages in an amount in excess of One Hundred Thousand dollars ($100,000.00).

## COUNT II
### Strict Product Liability

Plaintiff incorporates by reference all allegations and statements contained in all preceding paragraphs and further alleges and states as follows:

44. The Amazon ladder was designed, manufactured, produce, assembled and distributed by Defendants, one or some or all of them, in the ordinary course of business.

45. The Amazon ladder was unreasonably defective at the time it was designed, manufactured, and/or sold at the time it left control of Defendants in that the Amazon ladder failed under normal, reasonable, and foreseeable use.

46. The Amazon ladder, at all relevant times, was being used in a normal, reasonable, and foreseeable manner, and in accordance with all manufacturer's instructions.

47. At no time was the Amazon ladder altered or modified by Christopher French, his employer, or any third party after it was received from Amazon.

48. The Amazon ladder was defective and unreasonably dangerous in one or more of the following ways when it was placed into the stream of commerce by Defendants:

   a. The Amazon ladder was not designed and or manufactured such that it would

7

withstand normal, reasonable, and foreseeable use of the ladder;

b. The Amazon ladder's telescoping mechanism(s) were not designed and or manufactured with features that would withstand normal, reasonable, and foreseeable use of the ladder;

c. The Amazon ladder was not placed through proper and adequate quality control measures.

49. Defendants knew or should have known that the Amazon ladder was in a defective and unreasonably dangerous condition and was inherently dangerous when used for its normal and intended use.

50. As a direct and proximate result of the defective and unreasonably dangerous Amazon ladder, Christopher French sustained severe and permanent bodily injuries and damages.

51. As direct and proximate result of the defective and unreasonably dangerous condition of the Amazon ladder, Christopher French has been harmed and has incurred damages in an amount in excess One Hundred Thousand dollars ($100,000.00).

## COUNT III
### Breach of Implied Warranty

Plaintiff incorporates by reference all allegations and statements contained in all preceding paragraphs and further alleges and states as follows:

52. Defendants should have reasonably expected Christopher French would use the Amazon ladder.

53. The Amazon ladder was defective when it left the manufacture's possession or control.

54. At the time of the sale by Amazon, the Amazon ladder was not fit for the ordinary purpose for which it was intended, to wit: use as a ladder to bear the weight of a person.

8

55.    Christopher French used the Amazon ladder for its ordinary purposes and as a direct and proximate result, Christopher French sustained severe and permanent injuries and damages.

56.    As a direct and proximate result of Defendants' breach of implied warranty, Christopher French has been harmed and has incurred damages in an amount in excess One Hundred Thousand dollars ($100,000.00).

## CLAIM FOR ADDITIONAL RELIEF
### Punitive Damages

Plaintiff incorporates by reference all allegations and statements contained in all preceding paragraphs and asserts the following claim for additional relief:

57.    Defendants, one or some or all of them, knew or should have known that the Amazon ladder was in an unreasonably dangerous and/or hazardous condition when it was placed into the stream of commerce such that it would probably result in bodily injuries and damages.

58.    Defendants, one or some or all of them, engaged in conduct and/or acts and/or omissions which showed, at least, reckless disregard for the safety and/or rights of the Christopher French and the public at large.

59.    Based upon the two preceding paragraphs, Christopher French is therefore entitled to an award of exemplary or punitive damages as against Defendants, one or some or all of them, in an amount in excess of One Hundred Thousand Dollars ($100,000.00).

## PRAYER FOR RELIEF

By clear and convincing evidence, and as a direct and proximate result of the negligence of the Defendants, one or some or all of them, Christopher French has suffered personal injuries resulting in the following elements of damage, both present and future:

a.   Pain, past, present and future, in an amount to be determined;

b.   Suffering, past, present and future, in an amount to be determined;

9

c. Permanent disability in an amount to be determined;

d. Disfigurement in an amount to be determined;

e. Mental anguish, past, present and future, in an amount to be determined;

f. Medical expenses, past, present and future, incurred to date, and yet to be determined;

g. Lost wages, past, present and future, and impairment of earning capacity, past, present and future, in amounts to be determined;

h. Loss of enjoyment and quality of life, past, present and future, in an amount yet to be determined; and

i. Other damages to be set forth after discovery.

WHEREFORE, the Plaintiff respectfully request that this Honorable Court enter Judgement in his favor and against any and/or all named Defendants in an amount in excess of $100,000.00 as to actual/compensatory damages, and in an amount in excess of $100,000.00 as to exemplary/punitive damages, plus interest and reasonable costs for having to bring this action, and for any other relief that this Court deems just and appropriate.

Respectfully submitted,

Jason A. Lee, ABA No. 2002062
GILL RAGON OWEN, P.A.
425 W. Capitol Ave., Suite 3800
Little Rock, AR 72201
(T) 501-801-3809
(F) 501-372-3359
(E) lee@gill-law.com

and

10

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**
**PRE-JUDGMENT INTEREST CLAIMED**

Cary D. Dooley, ABA No. 2019168
CATHCART & DOOLEY
2807 North Classen Boulevard
Oklahoma City, OK 73106
(T) 405-524-1110
(F) 405-524-4143
(E) CDooley@CathcartDooley.com
*Attorneys for Plaintiff*

11

## IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
## CIVIL DIVISION

**TECHNOLOGY INSURANCE COMPANY, INC.**                    **PLAINTIFF**

**v.**                                    **CASE NO.**

**AMAZON.COM, INC.,**
**VIOWIND USA,**
**ZHEJIANG MINGFENG INDUSTRY & TRADE**
**CO., LTD.,**
**WOLFWISE, INC.,**
**NEW EASTWEST CO LTD.,**
**EASTWEST ELECTRONIC COMMERCE CO**
**UK LTD.,**
**JOHN DOE 1, AND**
**JOHN DOE 2**                                        **DEFENDANTS**

### AFFIDAVIT

Comes Affiant, Cary D. Dooley, as attorney for Plaintiff, Technology Insurance Company, Inc. and hereby states under oath:

1.      I am an adult citizen and a resident of the State of Oklahoma, and the testimony I am about to give is true and correct based upon my personal knowledge and belief and has been obtained in furtherance of my representation of Plaintiff, Technology Insurance Company, Inc.

2.      That John Does 1-2 are individuals, or entities, that have not yet been identified, who are persons who may be responsible for Plaintiff's damages.

3.      That while diligently searching for information regarding John Does 1-2, I have been unable to discovery if there are any other entities or individuals, and accordingly, John Does 1-2 are named as Defendants herein, pursuant to Ark. Code Ann. § 16-56-125, since the identity of these tortfeasors remain unknown at the present time.

FURTHER AFFIANT SAYETH NOT.

**EXHIBIT**

A

IN WITNESS WHEREOF, I hereto set my hand this 24th day of January, 2024.

Cary D. Dooley, OBA #12648
Cathcart & Dooley PC
2807 North Classen Boulevard
Oklahoma City, OK 73106
(T) 405-524-1110
(F) 405-524-4143
(E) CDooley@CathcartDooley.com
**ATTORNEY FOR PLAINTIFF**

STATE OF OKLAHOMA  )
                   ) ss:
COUNTY OF OKLAHOMA )

SUBSCRIBED AND SWORN to before me this 24th day of January, 2024.

( S E A L )

SUSAN BLETHROW
NOTARY PUBLIC
STATE OF OKLAHOMA
Commission # 23013619  Expires 10/11/27

NOTARY PUBLIC

2